UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIDEH HABIBI, <br><br> Plaintiff, <br><br> v. <br><br> ORANGE COUNTY, SOCIAL SERVICES AGENCY, <br><br> Defendant. | No. 2:25-cv-01507-DC-JDP (PS) <br><br> ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER <br><br> (Doc. Nos. 4, 5) |

This matter is before the court on Plaintiff Saideh Habibi's *pro se* motion for a temporary restraining order. (Doc. No. 4.) The court does not find it appropriate to set the motion for a hearing pursuant to Local Rule 231(c). For the reasons explained below, the court will deny Plaintiff's motion.

**BACKGROUND**

On May 30, 2025, Plaintiff filed a complaint against her employer, Defendant Orange County, Social Services Agency alleging employment discrimination and retaliation. (Doc. No. 1.) Specifically, Plaintiff brings claims against Defendant under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et seq.* (*Id*. at 3.)

/////

/////

1

1  On June 2, 2025, Plaintiff filed a motion for temporary restraining order.[1] (Doc. No. 4.) In that motion, Plaintiff requests the court issue an order directing Defendant to "cease any form of harassment or retaliation," comply with a medical note concerning Plaintiff's need to work remotely, pay Plaintiff the salary she would have received had she not taken medical leave, and to "cancel the unjust extension of [Plaintiff's] 12-month probation period." (*Id.* at 1.)

**LEGAL STANDARD**

The purpose of a temporary restraining order is to preserve the status quo and to prevent irreparable harm "just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters*, 415 U.S. 423, 439 (1974). The standard governing the issuing of a temporary restraining order is "substantially identical" to the standard for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). To obtain either form of injunctive relief, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that the balance of equities tips in favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). A plaintiff seeking a preliminary injunction must make a showing on all four of these prongs. *All. For the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

The Eastern District of California's Local Rules impose specific requirements on those who request a temporary restraining order. Local Rule 231 requires "actual notice to the affected party and/or counsel" except in "the most extraordinary of circumstances." L.R. 231(a). "Appropriate notice would inform the affected party and/or counsel of the intention to seek a temporary restraining order, the date and time for hearing to be requested of the [c]ourt, and the nature of the relief to be requested." *Id*. Under Federal Rule of Civil Procedure 65(b)(1), a court

---

[1] Plaintiff also filed a notice of a request to seal. (Doc. No. 5.) Specifically, Plaintiff seeks to file a declaration in support of her pending motion under seal to protect her privacy. (*Id.*) Plaintiff was required to serve her request, proposed order, and submitted documents on Defendant on or before the day she submitted them to the court, but did not do so. *See* L.R. 135; 141(b). Plaintiff also did not suggest in her request that it would be inappropriate for her to serve these documents on Defendant. *See id.* For these reasons, the court will deny Plaintiff's request to seal and the submitted documents will not be considered for purposes of the pending motion.

may issue a temporary restraining order without written or oral notice to the adverse party only if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). Further, Local Rule 231 requires the court to consider "whether the applicant could have sought relief by motion for preliminary injunction at an earlier date without the necessity for seeking last-minute relief by motion for temporary restraining order." L.R. 231(b). If the court finds that there was undue delay in seeking injunctive relief, the court may deny the requested temporary restraining order on those grounds alone. *Id.*

## ANALYSIS

As a preliminary matter, Plaintiff has not satisfied the requirements of Federal Rule of Civil Procedure 65(b)(1) or Local Rule 231 governing applications for temporary restraining orders. Courts regularly deny temporary restraining orders where movants fail to comply with procedural requirements, including where the movants are *pro se* plaintiffs. *See Reno Air Racing Ass'n, Inc. v. McCord*, 452 F.3d 1126, 1131 (9th Cir. 2006) (discussing Federal Rule of Civil Procedure 65 and noting that "courts have recognized very few circumstances justifying the issuance of an *ex parte* [temporary restraining order]"); *Abdel-Malak v. Doe*, No. 5:20-cv-00322-CJC-KK, 2020 WL 5775818, at *1 (C.D. Cal. Feb. 20, 2020) (denying temporary restraining order sought by *pro se* plaintiff for failure to satisfy Rule 65(b)'s "strict requirements"); *Tri-Valley CAREs v. U.S. Dep't of Energy*, 671 F.3d 1113, 1131 (9th Cir. 2012) ("Denial of a motion as the result of a failure to comply with local rules is well within a district court's discretion.").

It does not appear that Plaintiff provided Defendant with actual notice of her pending motion for temporary restraining order. Plaintiff has not attached proof of service to her motion. Nor has Plaintiff provided an affidavit detailing notice or describing the efforts she took to effect

/////

/////

notice.[2] *See* L.R. 231(c)(5). Moreover, Plaintiff has not demonstrated extraordinary circumstances warrant the issuance of a temporary restraining order in the absence of actual notice. L.R. 231(a). Plaintiff's failure to make such a showing alone warrants denial of her motion.

Although Plaintiff's motion for temporary restraining order is procedurally deficient, the court will nevertheless briefly address Plaintiff's likelihood of success on the merits of her claims.

**A.  Title VII Claim**

Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e-2(a)(1). A claim brought pursuant to Title VII must be administratively exhausted. *Stricklen v. Johnson*, No. 2:16-cv-00805-TLN-GGH, 2016 WL 5930624, at *3 (E.D. Cal. Oct. 12, 2016). Specifically, a plaintiff must file an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") within 180 days of the alleged unlawful employment practice and receive a right to sue letter prior to filing a civil complaint. *Dandino, Inc. v. U.S. Dep't of Transp.*, 729 F.3d 917, 922 (9th Cir. 2013).

Under the "Exhaustion of Federal Administrative Remedies" section of her form complaint, Plaintiff states she filed a charge with the "Orange County EEO Office" on May 19, 2025. (Doc. No. 1 at 5.) In that same section of the complaint, Plaintiff also affirmatively indicates that the EEOC "has not issued a [n]otice of [r]ight to [s]ue letter." (*Id.*) Because Plaintiff has not received a right to sue letter from the EEOC, she has failed to exhaust her administrative remedies.[3]

---

[2] The court does not assume Defendant received notice of Plaintiff's motion for temporary restraining order through CM/ECF Notice of Electronic Filing because Defendant has not appeared in this matter.

[3] Though failure to obtain a right to sue letter does not necessarily preclude this court's jurisdiction, the "general requirement of a federal right to sue letter remains." *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1105 (9th Cir. 2008) (holding that a plaintiff may proceed with a Title VII claim where a plaintiff is entitled to right to sue letter from the EEOC, "provided she has received a right to sue letter from the appropriate state agency"). Plaintiff has not suggested she received a right to sue letter from a state agency, nor has she alleged any other circumstances to suggest she should be excused from her obligation to obtain a right to sue letter prior to proceeding with her Title VII claims. *See id.*

4

In addition to her failure to exhaust administrative remedies, Plaintiff has not pled facts to satisfy the requisite elements of her Title VII claim. Plaintiff's complaint indicates that her Title VII claim is predicated on discrimination based on race, color, religion, and national origin (Doc. No. 1 at 4), But Plaintiff does not allege facts supporting her membership in any protected class, such as facts identifying her race, color, religion, or national origin. *See McDonald v. San Francisco Unified Sch. Dist.*, No. 4:07-cv-4249 PJH, 2007 WL 3144832, at *5 (N.D. Cal. Oct. 24, 2007) (dismissing Title VII claim of discrimination based on race and religion where plaintiff did not state what race he was or religion he practiced). At most, Plaintiff states that she speaks Farsi (*see* Doc. No. 1 at 7), but that factual allegation is not sufficient to allege her membership in a protected class. *See McDonald*, 2007 WL 3144832, at *5 (dismissing Title VII claim based on racial discrimination where the plaintiff did not state his race, even though he alleged he speaks Spanish and grew up in a Spanish-speaking household). Further, in a "declaration of facts" attached to her form complaint Plaintiff describes incidents in which she was discriminated against because she was not capable of purchasing gifts for her supervisor "like some other employees did." (Doc. No. 1 at 9.) Even if the court were to construe this allegation as claiming discrimination based on her economic status, economic background is not a protected category under Title VII. *See McDonald*, 2007 WL 3144832, at *5.

For these reasons, Plaintiff has not shown that she is likely to succeed on the merits of her Title VII claim.

**B.     ADEA Claim**

The ADEA makes it unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age," though the prohibition is "limited to individuals who are at least 40 years of age." 29 U.S.C. §§ 623(a)(1), 631(a). To establish a *prima facie* case of age discrimination under the ADEA, the plaintiff must show: (1) she was age 40 or older; (2) she was performing her job satisfactorily; (3) she suffered an adverse employment action; and (4) circumstances that lead to an inference of age discrimination. *Fitch v. San Francisco Unified Sch. Dist.*, No. 15-cv-02769-SI, 2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015).

In her form complaint, Plaintiff alleges Defendant discriminated against her based on her age. (Doc. No. 1 at 4.) Plaintiff alleges she was born in 1974, which means she is "at least 40 years of age" as required for an ADEA claim. *Id.*; *see* 29 U.S.C. § 631(a). However, Plaintiff does not allege any other facts to support her conclusory allegation that she was discriminated against based on her age. Indeed, Plaintiff does not allege an adverse employment action or any circumstances from which the court could infer Defendant discriminated against her because of her age. For example, Plaintiff does not allege she was treated differently than other employees substantially younger than her, or that her supervisor made age-based comments to her. *See Ravel v. Hewlett-Packard Enter., Inc.*, 228 F. Supp. 3d 1086, 1099 (E.D. Cal. 2017) (dismissing plaintiff's claim for age discrimination where plaintiff did not allege she had been replaced by a younger employee, that she overheard negative comments about her age, or that age was ever discussed when communicating with her employer about a disability accommodation).

Thus, Plaintiff has also not demonstrated that she is likely to succeed on the merits of her ADEA claim.

Because the court finds Plaintiff is unlikely to succeed on the merits of her claims, the court need not address the remaining *Winter* factors. Indeed, a plaintiff "must demonstrate that it meets all four of the elements of the preliminary injunction test established in *Winter*" in order to justify the issuance of a preliminary injunction. *DISH Network Corp. v. F.C.C.*, 653 F.3d 771, 776 (9th Cir. 2011); *see also All. for the Wild Rockies*, 632 F.3d at 1135. Therefore, the court will deny Plaintiff's motion for a temporary restraining order.

### CONCLUSION

For the reasons explained above:

1. Plaintiff's motion for a temporary restraining order (Doc. No. 4) is DENIED;

2. Plaintiff's request to seal (Doc. No. 5) is DENIED; and

3. This matter is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **June 4, 2025**

Dena Coggins
United States District Judge

6