1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   SAIDEH HABIBI,                          Case No.  2:25-cv-1507-DC-JDP (PS)

12              Plaintiff,

13        v.                                 ORDER

14   ORANGE COUNTY, SOCIAL
     SERVICES AGENCY,
15
                Defendant.
16

17

18        Plaintiff brings this action against Orange County, Social Services Agency.  The

19   complaint fails to state a claim, however.[1]  I will dismiss the complaint with leave to amend.  I

20   will also grant plaintiff's application to proceed *in forma pauperis*, ECF No. 2, which makes the

21

22

23        [1] In addition to filing her complaint, motion to proceed *in forma pauperis*, and motion for
     electronic filing permission, plaintiff also filed a motion for a temporary restraining order.  In it,
24   she asked that the court issue an order directing defendant to "cease any form of harassment or
     retaliation," comply with a medical note concerning her need to work remotely, pay her the salary
25   she would have received had she not taken medical leave, and "cancel the unjust extension of
     [her] 12-month probation period."  ECF No. 4 at 2.  The court denied plaintiff's motion, finding
26   that her complaint does not demonstrate a likelihood of success on the merits and that the motion
     suffered from procedural defects.  ECF No. 6.  The undersigned finds that the complaint fails to
27   state a claim for the reasons articulated in the that order.  The court also referred plaintiff's action
     to the undersigned for all further pretrial matters.  *Id.*
28
                                        1

1    showing required by 28 U.S.C. §§ 1915(a)(1) and (2), but deny plaintiff's request for electronic

2    filing privileges, ECF No. 3.

3                              **Screening and Pleading Requirements**

4            A federal court must screen the complaint of any claimant seeking permission to proceed

5    *in forma pauperis*. *See* 28 U.S.C. § 1915(e).  The court must identify any cognizable claims and

6    dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon

7    which relief may be granted, or seeks monetary relief from a defendant who is immune from such

8    relief. *Id.*

9            A complaint must contain a short and plain statement that plaintiff is entitled to relief,

10    Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its

11    face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The plausibility standard does not

12    require detailed allegations, but legal conclusions do not suffice.  *See Ashcroft v. Iqbal*, 556 U.S.

13    662, 678 (2009).  If the allegations "do not permit the court to infer more than the mere

14    possibility of misconduct," the complaint states no claim. *Id.* at 679.  The complaint need not

15    identify "a precise legal theory."  *Kobold v. Good Samaritan Reg'l Med. Ctr*., 832 F.3d 1024,

16    1038 (9th Cir. 2016).  Instead, what plaintiff must state is a "claim"—a set of "allegations that

17    give rise to an enforceable right to relief."  *Nagrampa v. MailCoups, Inc*., 469 F.3d 1257, 1264

18    n.2 (9th Cir. 2006) (en banc) (citations omitted).

19            The court must construe a pro se litigant's complaint liberally.  *See Haines v. Kerner*, 404

20    U.S. 519, 520 (1972) (per curiam).  The court may dismiss a pro se litigant's complaint "if it

21    appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

22    would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).

23    However, "'a liberal interpretation of a civil rights complaint may not supply essential elements

24    of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,

25    1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

26            Additionally, a plaintiff's complaint must set forth the basis for federal court jurisdiction.

27    A federal court may adjudicate only those cases authorized by the Constitution and by Congress.

28    *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994).  The basic federal jurisdiction

                                                         2

1   statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction,

2   respectively.  Federal question jurisdiction requires that the complaint (1) arise under a federal

3   law or the U.S. Constitution, (2) allege a "case or controversy" within the meaning of Article III,

4   § 2 of the U.S. Constitution, or (3) be authorized by a federal statute that both regulates a specific

5   subject matter and confers federal jurisdiction.  *Baker v. Carr*, 369 U.S. 186, 198 (1962).  A case

6   presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise.

7   *Kokkonen*, 511 U.S. at 376-78.

8                                              **Analysis**

9          Plaintiff alleges that her employer, defendant Orange County, Social Services Agency, has

10   engaged in employment discrimination and retaliation under Title VII of the Civil Rights Act of

11   1964 ("Title VII") and the Age Discrimination in Employment Act of 1967 ("ADEA").  ECF No.

12   1.

13          Plaintiff is a Farsi speaking woman who is older than 40 years of age.  *Id.* at 4, 7.  She

14   claims that at her place of employment, she has been harassed and discriminated against by four

15   individuals.  *Id.* at 7.  For example, she alleges that her direct supervisor, Laura Lopez, asked

16   plaintiff where she was born, what plaintiff's husband does for a living, his income, whether

17   plaintiff and her husband own a home, and how much equity she and her husband have in their

18   home.  *Id.*  Plaintiff claims that Lopez favors employees who buy her gifts, which plaintiff is

19   unable to do.  *Id.* at 8.  Plaintiff also alleges that since February 2024, she has been one of three

20   new employees, but the other two, one of whom is white, have passed their probationary periods.

21   Plaintiff claims that his pattern of discrimination is compounded by the fact that her supervisors

22   are unnecessarily copied on emails about her work progress.  *Id.* at 10.

23          Title VII makes it unlawful for an employer to "fail or refuse to hire or to discharge any

24   individual, or otherwise to discriminate against any individual with respect to his compensation,

25   terms, conditions, or privileges of employment, because of such individual's race, color, religion,

26   sex, or national origin . . . ."  42 U.S.C. § 2000e-2(a)(1).

27          As the court previously determined, the complaint fails to allege facts to support a Title

28   VII claim, which plaintiff claims is predicated on discrimination based on race, color, religion,

                                                   3

1   and national origin.  The complaint is devoid of factual allegations supporting her membership in

2   any protected class.  *See McDonald v. San Francisco Unified Sch. Dist.*, No. 4:07-cv-4249 PJH,

3   2007 WL 3144832, at *5 (N.D. Cal. Oct. 24, 2007) (dismissing Title VII claim of discrimination

4   based on race and religion where the plaintiff did not state what race he was or religion he

5   practiced).  The plaintiff's allegations that she speaks Farsi and was unable to purchase gifts for

6   her supervisor do not demonstrate that she is a member of a protected class.

7          The ADEA makes it unlawful for an employer to "discriminate against any individual

8   with respect to his compensation, terms, conditions, or privileges of employment, because of such

9   individual's age," though the prohibition is "limited to individuals who are at least 40 years of

10  age."  29 U.S.C. §§ 623(a)(1), 631(a).  To establish a prima facie case of age discrimination under

11  the ADEA, the plaintiff must show: (1) she was age 40 or older; (2) she was performing her job

12  satisfactorily; (3) she suffered an adverse employment action; and (4) circumstances that lead to

13  an inference of age discrimination.  *Fitch v. San Francisco Unified Sch. Dist.*, No. 15-cv-2769-SI,

14  2015 WL 6551668, at *5 (N.D. Cal. Oct. 29, 2015).  Again, as the court previously found, the

15  complaint fails to allege that plaintiff was discriminated against based on her age.  Plaintiff also

16  does not allege that she received different treatment from other employees because of her age.

17         I will allow plaintiff a chance to amend her complaint before recommending that this

18  action be dismissed.  Plaintiff should also take care to add specific factual allegations against each

19  defendant.  If plaintiff decides to file an amended complaint, the amended complaint will

20  supersede the current one.  *See Lacey v. Maricopa Cnty.*, 693 F.3d 896, 907 n.1 (9th Cir. 2012)

21  (en banc).  This means that the amended complaint will need to be complete on its face without

22  reference to the prior pleading.  *See* E.D. Cal. Local Rule 220.  Once an amended complaint is

23  filed, the current one no longer serves any function.  Therefore, in an amended complaint, as in

24  the original, plaintiff will need to assert each claim and allege each defendant's involvement in

25  sufficient detail.  The amended complaint should be titled "First Amended Complaint" and refer

26  to the appropriate case number.  If plaintiff does not file an amended complaint, I will

27  recommend that this action be dismissed.

28

4

**Motion for Electronic Filing**

Plaintiff has also filed a motion for permission to file documents electronically.  ECF No. 3.  Generally, "any person appearing pro se may not utilize electronic filing except with permission of the assigned Judge or Magistrate Judge."  E.D. Cal. L.R. 133(b)(2).  "Requests to use paper or electronic filing as exceptions from these Rules shall be submitted as stipulations as provided in L.R. 143 or, if a stipulation cannot be had, as written motions setting out an explanation of reasons for the exception."  E.D. Cal. L.R. 133(b)(3).

Plaintiff's motion does not demonstrate good cause to depart from the normal filing procedure for unrepresented litigants.  The motion is denied.

Accordingly, it is hereby ORDERED that:

1.  Plaintiff's motion to proceed *in forma pauperis*, ECF No. 2, is GRANTED.

2.  Plaintiff's complaint, ECF No. 1, is DISMISSED with leave to amend.

3.  Plaintiff's motion for electronic filing privileges, ECF No. 3, is DENIED.

4.  Within thirty days from service of this order, plaintiff shall file either (1) an amended complaint or (2) notice of voluntary dismissal of this action without prejudice.

5.  Failure to timely file either an amended complaint or notice of voluntary dismissal may result in the imposition of sanctions, including a recommendation that this action be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

6.  The Clerk of Court shall send plaintiff a complaint form with this order.

IT IS SO ORDERED.


Dated:    June 9, 2025          _____
                               JEREMY D. PETERSON
                               UNITED STATES MAGISTRATE JUDGE

5