UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIDEH HABIBI, | Case No. 2:25-cv-1507-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| ORANGE COUNTY, SSA, | |
| Defendant. | |

Saideh Habibi brings this action against the Orange County Social Services Agency ("SSA"). Her claims, as articulated, are not cognizable. I will dismiss the complaint and give plaintiff one final opportunity to remedy the deficiencies identified below.

**Screening and Pleading Requirements**

A federal court must screen the complaint of any claimant seeking permission to proceed *in forma pauperis*. *See* 28 U.S.C. § 1915(e). The court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.*

A complaint must contain a short and plain statement that plaintiff is entitled to relief, Fed. R. Civ. P. 8(a)(2), and provide "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The plausibility standard does not

1  require detailed allegations, but legal conclusions do not suffice. *See Ashcroft v. Iqbal*, 556 U.S.
2  662, 678 (2009). If the allegations "do not permit the court to infer more than the mere
3  possibility of misconduct," the complaint states no claim. *Id.* at 679. The complaint need not
4  identify "a precise legal theory." *Kobold v. Good Samaritan Reg'l Med. Ctr.*, 832 F.3d 1024,
5  1038 (9th Cir. 2016). Instead, what plaintiff must state is a "claim"—a set of "allegations that
6  give rise to an enforceable right to relief." *Nagrampa v. MailCoups, Inc.*, 469 F.3d 1257, 1264
7  n.2 (9th Cir. 2006) (en banc) (citations omitted).

8      The court must construe a pro se litigant's complaint liberally. *See Haines v. Kerner*, 404
9  U.S. 519, 520 (1972) (per curiam). The court may dismiss a pro se litigant's complaint "if it
10 appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which
11 would entitle him to relief." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1208 (9th Cir. 2017).
12 However, "'a liberal interpretation of a civil rights complaint may not supply essential elements
13 of the claim that were not initially pled.'" *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251,
14 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

15 **Analysis**

16     As in her previous complaint, plaintiff alleges that she is of Iranian national origin, Farsi
17 speaking, and over forty years old. ECF No. 12 at 7. She claims that defendant violated her
18 rights under Title VII of the Civil Rights Act of 1964 ("Title VII") and the Age Discrimination in
19 Employment Act of 1967 ("ADEA") by discriminating against her based on national origin,
20 language, age, and in retaliation for protected activities. ECF No. 12 at 8. The complaint,
21 however, fails to identify instances of discrimination based on these categories.

22     Plaintiff alleges that her supervisor, Laura Lopez, and another employee at the SSA,
23 Elizabeth Reynoso, created a hostile work environment. *Id.* at 9. She also claims that two other
24 employees, Perla Leal and Maggy Hudson, behaved inappropriately. *Id.* The only discernable
25 allegations in the complaint are that Lopez developed antipathy toward her for failing to buy her
26 gifts for her birthday and for declining to pay her for an identification card holder. *Id.* at 10.
27 With respect to Reynoso, she alleges that this defendant "is known" for falsifying reports and
28 "triggering clients against case workers." *Id.* As to Hudson, she claims this employee sent her

1    emails falsely stating that clients had called asking for supportive services that plaintiff already
2    completed. *Id.* at 11. While these allegations are, perhaps, indicative of an unpleasant work
3    environment, none of them implicate a violation of Title VII or the ADEA insofar as there are no
4    allegations that would permit the reader to infer that these defendants discriminated against her
5    based on membership in a protected category.[1] Plaintiff does vaguely claim that other, younger
6    and non-Farsi speaking employees were treated more favorably, *id.* at 7, but she provides no
7    concrete allegations of such disparate treatment. Instead, she refers the reader to "Exhibit A," an
8    uncontextualized set of internal communications. *Id.* at 22-29. I decline to infer claims from
9    these communications that plaintiff has not explicitly raised in her complaint.

10        The complaint is dismissed with leave to amend. Plaintiff may file an amended complaint
11    that explains why, if at all, her claims should proceed. Any amended complaint will entirely
12    supersede the initial one and must be complete in itself. It should be titled "Second Amended
13    Complaint" and be filed within thirty days of this order's entry.

14        Accordingly, it is ORDERED that:

15        1. Plaintiff's first amended complaint, ECF No. 12, is DISMISSED with leave to amend.

16        2. Within thirty days from service of this order, plaintiff shall file either (1) an amended
17    complaint or (2) notice of voluntary dismissal of this action without prejudice.

18        3. Failure to timely file either an amended complaint or notice of voluntary dismissal may
19    result in the imposition of sanctions, including a recommendation that this action be dismissed
20    with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

21        4. The Clerk of Court shall send plaintiff a complaint form with this order.

22        5. Plaintiff's motion to amend, ECF No. 14, that seeks to amend the first amended
23    complaint to change the form of relief sought is DENIED as moot. Plaintiff may specify the form
24    of relief sought in her second amended complaint, if she chooses to file one.

---

[1] Plaintiff does allege that Lopez once questioned her about her national origin, ECF No. 12 at 7, but she does not adequately link this event to her other allegations.

IT IS SO ORDERED.

Dated: December 22, 2025

 /s/ Jeremy Peterson
 JEREMY D. PETERSON
 UNITED STATES MAGISTRATE JUDGE

4