UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAIDEH HABIBI, | Case No.  2:25-cv-1507-DC-JDP (PS) |
| Plaintiff, | |
| v. | ORDER |
| ORANGE COUNTY, SSA, | |
| Defendant. | |

Pending before the court is plaintiff's notice of voluntarily dismissal and request to seal the complaint and related filings.  ECF Nos. 18 & 19.  Federal Rule of Civil Procedure 41 provides that, subject to exceptions not exceptions not applicable here, a plaintiff may voluntarily dismiss an action without a court order by filing:

(i)    a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or

(ii)    a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

Because defendant Orange County SSA has not appeared in this action, much less filed an answer or motion for summary judgment, plaintiff can voluntarily dismiss this case.  Her request is granted.

However, plaintiff's request to seal must be denied.  Plaintiff's motion neither complies

1

with Local Rule 141, which governs the sealing of documents, nor demonstrates that sealing the complaint is appropriate.

Courts have recognized "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point." *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). A party seeking to file a document under seal "bears the burden of overcoming this strong presumption by" articulating "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure . . . ." *Id.* (citations omitted).

Under the court's local rules, "[d]ocuments may be sealed only by written order of the Court, upon a showing required by applicable law." E.D. Cal. L.R. 141(a). A party seeking to file documents under seal must submit a Request to Seal Documents, which "shall set forth the statutory or other authority for sealing, the requested duration, the identity, by name or category, of persons to be permitted access to the documents, and all other relevant information." E.D. Cal. L.R. 141(b).

Plaintiff contends that the case should be sealed because prospective employers will be able to review filings in this case and will illegally discriminate against her because she filed this lawsuit. ECF No. 18. Plaintiff's filing does not provide adequate justification for her request to seal her filings. Furthermore, she has neither complied with the court's local rules for obtaining a sealing order nor set forth any statutory or case authority as a basis for filing her case under seal. Her request to seal is denied.[1]

Accordingly, it is hereby ORDERED that:

1. Plaintiff's notice of voluntarily dismiss, ECF No. 19, is GRANTED.

2. Plaintiff's request to seal, ECF No. 18, is DENIED.

---

[1] Plaintiff is permitted to file a properly supported request to seal her complaint and related filings after the case is closed.

2

3. This action is DISMISSED without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1).

4. The Clerk of Court is directed to close this action.

IT IS SO ORDERED.

Dated:    April 20, 2026                                           
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3